

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 23, 2012

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Joshua Kestenbaum
>      Criminal Docket No. 04-821 (NG)

Dear Judge Gershon:

The government submits this letter in opposition to the defendant's motion to dismiss Charge 3 of the Violation of Probation Report, which motion was made on July 17, 2012. Charge 3 was the defendant's knowing and intentional failure to pay restitution. As part of its proof, the government adduced extensive evidence of the defendant's ability to pay by proving the substantial financial resources at his disposal.

The motion to dismiss seems predicated on the notion that the government introduced more evidence than counsel apparently expected.[1] Counsel seems to suggest that in proving up the violation, the government should have been limited to facts specifically mentioned in the Violation of Probation Report or the government's prior submissions, but nothing more. This assertion about the scope of permissible evidence at a violation hearing has no support in the law.

As an initial matter, it should be noted that counsel moved for - and received - detailed particulars with regard to specific false statements in Charge 1, and that the government represented that it would prove at least one of the specified

---

[1] Indeed, there was more evidence of the violations than the government expected - because a not inconsiderable amount was introduced through defense witnesses and exhibits.

false statements to establish the violation. To the extent that the evidence adduced at the hearing was more fulsome than the summaries and synopses set forth the government's letter of June 21, 2012, that was always anticipated. The government explicitly stated the following in that letter:

> The Court directed the government to delineate several false statements that it intends to prove to establish this violation. As noted by the Court, this list need not be - and is not - exhaustive, and it is anticipated that other false statements made by the defendant will necessarily be exposed in the course of proving the false statements set forth below, as well as in the course of proving the violations in the second and third charges of the VOP Report (tax evasion, and failure to pay restitution, respectively).
>
> The format below lists five categories of readily provable false statements that the defendant made to the government and/or Probation, each of which is summarized in enumerated allegations. **The synopsis following each allegation lists only some of the evidence that proves the alleged false statements. The synopses are not intended to encompass every lie that will be revealed in the evidence because there were so many.**

June 21, 2012 Letter at 1-2. (Emphasis added.)

Indeed the Court stated as much at the June 18, 2012 status conference during which the government was directed to set forth the particulars for Charge 1:

> Obviously your position, as I understand it from your statement today and what I've understood from your prior submissions, is that Mr. Kestenbaum has been engaged in massive continuous voluminous false statements, both to the Government and to the Probation Department.
>
> But if we're going to have a violation proceeding, it may be that you wish to select one, two, or three specific false statements that you intend to rely upon for the defendant to respond to. **You may prove, if you're successful in your position, you may prove many**

    **more than that . . .**

June 18, 2012 Transcript at 11-12. (Emphasis added.)

    The government undertook to prove at least one false statement among those set forth in the June 21, 2012 letter. The government satisfied this burden, and during the course of the hearing, proved many more false statements made by the defendant while on Probation. None of this was a surprise; thus, the defendant's protest about the extent of evidence developed at the hearing is hollow.

    Next, with regard to Charge 3 concerning the defendant's ability and failure to pay restitution, the government was not required to set forth particulars. Such specificity was of course unnecessary because the allegation is very plain: it was obvious that the government's evidence had to focus on the state of the defendant's finances as it related to his ability to pay restitution.

    In the defendant's July 17, 2012 letter, he suggests that the government was limited to the factual assertions in its June 11, 2012 letter. The defendant misreads that letter – which was a sentencing letter filed subsequent to the defendant's attempt to plead guilty, conditionally, to Charge 3. That plea was ultimately rejected by the Court. The government was therefore in a different posture at the hearing, presenting a larger array of proof demonstrating the defendant's ability to pay, and accordingly, his state of mind when he decided not to pay his restitution obligation.

    The defendant cites no legal authority for his motion to dismiss Charge 3 of the Violation of Probation Report for, essentially, presenting too much evidence. That is because the hearing fully comported with the procedures set forth in Fed. R. Crim. P. 32.1, the rule governing such hearings, as shown below.

    Going through the procedural requirements for a violation hearing, the defendant:

> is entitled to:
> (A) written notice of the alleged violation;
> (B) disclosure of the evidence against the person;
> (C) an opportunity to appear, present evidence, and question any adverse witness unless the

     court determines that the interest of justice
     does not require the witness to appear;
  (D) notice of the person's right to retain
     counsel [ . . . .]; and
  (E) an opportunity to make a statement and
     present any information in mitigation.

Fed. R. Crim. P. 32.1((b)(2).

  The defendant was afforded all his rights under Rule 32.1. He received (A) notice of the alleged violation (the Violation of Probation Report, supplemented by the government's letter of June 21, 2012). The defendant received (B) disclosure of the evidence against the person, with the following provided before the hearing: the Violation of Probation Report, the government's submissions, the record (including depositions and exhibits) in the related civil litigation, and the set of marked hearing exhibits. He was further (C) given an opportunity to appear, present evidence, and question any adverse witness. Indeed, the cross-examination of the government's two witnesses lasted far longer than the direct examination of those witnesses, and the defense called four of its own witnesses over two days. Finally, the defendant was (D) represented by counsel, and also (E) had the opportunity to make a statement and present information in mitigation.

  The defense may, and apparently does in his recent letter, disagree as to the relevance of certain evidence to the issues contested at the hearing. One example is the relevance of the defendant's monthly rent of $6,400 to his ability to pay restitution.[2] Another example is the relevance of the $900 checks to Elihu Kestenbaum booked as loans from Hannah Kestenbaum to Bake Me A Wish ("BMAW") - which, together with other evidence, bear on the integrity of the books and records of the defendant's business and the reasonableness of his "advice of bookkeeper" defense with regard to Charge 1.[3] The purpose of the hearing, of

---

  [2] One of the themes of the defense case was that the defendant received very little money, and that he was paying "minimal rent." Testimony of Jerry Kestenbaum, Hearing Transcript at p. 387. Counsel's characterization of the government's commentary in response to that as a "new theory" thus rings hollow.

  [3] Counsel regards the government's remarks on summation concerning the fact that BMAW booked checks designated for Elihu

course, is for the Court to determine which facts are relevant, and the weight to accord them, and whether those facts taken together establish by a preponderance of the evidence that the defendant violated Charges 1 and 3 of the Violation of Probation Report. The government submits that it handily met its burden with the testimonial and documentary evidence presented at the hearing, and that the defendant should be found in violation of the terms of his probation.

For all the foregoing reasons, the government respectfully requests that the defendant's motion to dismiss Charge 3 of the Violation of Probation Report be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: _____
Ilene Jaroslaw
Bonni Perlin
Assistant U.S. Attorneys

cc: Alan S. Lewis, Esq. (*via ECF*)

U.S. Probation Officer Carrie Borona (*via e-mail*)

---

Kestenbaum's support as loans from Hannah Kestenbaum to BMAW as a "ninth inning allegation." However, this aspect of the defendant's fabrication of BMAW books and records was exposed only upon the admission of Defense Exhibit D (the fictitious loan schedule), which the government had not seen prior to the defense offering it into evidence at the hearing. Other evidence showing that some of these funds were used by the defendant to make minimum interest payments on Hannah Kestenbaum's HELOC (*i.e.*, the relevant bank records, as well as Government Exhibit 3 itemizing four of the Elihu Kestenbaum checks and how they were used) had been disclosed to the defense prior to the violation hearing pursuant to Fed. R. Crim. P. 32.1(b)(2)(B).