# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

Alan S. Lewis
Partner
•
Direct Dial: 212-238-8647
E-mail: lewis@clm.com

2 Wall Street
New York, NY 10005-2072
•
Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

July 25, 2012

**VIA ECF & BY HAND**

The Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re: *United States v. Joshua Kestenbaum*
    04 CR 821 (NG)

Dear Judge Gershon:

I write to respond to the government's letter dated July 23, 2012.

By letter dated July 17, I moved on Mr. Kestenbaum's behalf for permission to make a post-hearing submission with regard to the materiality element of 18 U.S.C. § 1001. Separately, I argued that the government's evidence and argument had deviated substantially from the roadmap it expressed in its June 11 and June 21 letters and in its trial Exhibit 3 (the "roadmap documents"). I explained the case-specific context of my complaints about the government's departure from its roadmap – Mr. Kestenbaum made repeated pre-hearing requests for a continuance long enough to allow meaningful review of the voluminous documents and those requests were denied, because of the existence of the roadmap. Thus, I moved in the alternative for: (a) dismissal of the charges; (b) permission to present additional evidence to refute claims made by the government for the first time mid-trial; or (c) a ruling that the Court would not consider the government's newly minted mid-trial theories and instead measure the government's proof against the case it *said* it would present as detailed in the roadmap documents.

The government's July 23 letter opposes only the motion to dismiss and not any of the other relief requested in my July 17 letter. Accordingly, I ask that the Court set a schedule for the submission of briefs as to the materiality element of 18 U.S.C. § 1001. And if the Court does not grant the motion to dismiss, I also ask that the Court either measure the government's proof against its own roadmap or, alternatively, schedule a proceeding at which Mr. Kestenbaum will be afforded the right to offer additional evidence to refute the government's ninth inning theories.

7056104.1

The Honorable Nina Gershon
July 25, 2012
Page 2

      In opposing the motion to dismiss, the government argues that Mr. Kestenbaum's right not to be misled by the government's pre-trial roadmap documents has "no support in the law." But in making this assertion, the government ignores the context: the repeated and emphatic requests for an adjournment of the trial, denied by the Court based on the government's provision of a roadmap that appeared to the Court to make familiarity with most of the documents unnecessary.

      Mr. Kestenbaum's complaint is not, as characterized by the government, that the government "presented too much evidence." (Gov't. Letter at 3). Instead, it is the wholesale abandonment by the government of its reliance on the evidence it said it would rely on for its attempted proof of Mr. Kestenbaum's ability to pay (e.g., the payment by BMAW of credit cards in the names of Hannah and Vivian Kestenbaum) and its mid-trial substitution of new theories, such as that the checks Hannah gave to Josh for Elihu Kestenbaum were purportedly misdirected, the resuscitated claim that Mr. Kestenbaum is BMAW's "true owner" and the amount of the monthly rent on the Kestenbaum apartment. Given the enormous volume of paper moved into evidence combined with the shortness of time allowed for trial preparation and document review, Mr. Kestenbaum had a right to expect that the government's case would be measured against the universe of things described in its own roadmap documents. The government's failure to follow that roadmap, in the particular context of this case, deprived Mr. Kestenbaum of due process and, potentially, the effective assistance of counsel.

      Otherwise, the government relies on little more than its own erroneous description of the actual evidence to support its position. Thus, the government describes Exhibit 3 as "itemizing four of the Elihu Kestenbaum checks and how they were used" (Gov't. Letter at 4-5), but Exhibit 3 makes no reference whatsoever to Elihu Kestenbaum or the four checks in question.

      In sum, we request: (a) a briefing schedule on the materiality issue; and (b) should the Court deny our application to dismiss, that the Court not consider the government's claims advanced for the first time at trial and instead measure the government's proof against the case it *said* it would present – or allow the defense to submit additional evidence, including testimony.

                                                   Respectfully submitted,

                                                   Alan S. Lewis

ASL:bp

cc:    **VIA ECF**

       A.U.S.A.s Ilene Jaroslaw and Bonni J. Perlin

7056104.1